[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 269.]

[THE STATE EX REL.] STACY, APPELLANT, *v.* BATAVIA LOCAL SCHOOL
DISTRICT BOARD OF EDUCATION ET AL., APPELLEES.

[Cite as *State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.*, 2002-
Ohio-6322.]

*Employer and employee—Public employment—School district outsources
transportation services and lays off its bus drivers and mechanic—
Mandamus to compel Batavia Local School District Board of Education
et al. to reinstate relator to his position as a mechanic, honor his statutory
employment contract, and award him back pay and lost benefits—Court
of appeals' denial of writ reversed and cause remanded for issuance of a
writ and further proceedings, when.*

(No. 2002-0672—Submitted October 15, 2002—Decided December 4, 2002.)

APPEAL from the Court of Appeals for Clermont County, No. CA2000-10-077,
2002-Ohio-1015.

————————————

**Per Curiam.**

{¶1} Appellee Batavia Local School District Board of Education employed
appellant, Dorsie Stacy, as a mechanic under a continuing contract for
approximately 13½ years, from March 1985, until August 21, 1998. At the end of
the 1997-1998 school year, the board employed 13 bus drivers and Stacy as the sole
bus mechanic.

{¶2} On June 22, 1998, the board executed a contract with Laidlaw Transit,
Inc., to provide transportation services for the school district for five years. On July
20, 1998, the board abolished the bus driver and mechanic positions and laid off
the employees in those positions, including Stacy, effective August 21, 1998. The
affected employees received written notification of the layoff, which provided that

"[r]einstatement to employment shall be made from the list of laid off employees in order of seniority."

{¶3} Under its contract with the board, Laidlaw agreed to offer employment to the laid-off employees, to provide a three percent increase in pay and comparable benefits to these employees, and to permit them to receive the same severance pay that they would have been entitled to from the board upon retirement. On June 24, 1998, Laidlaw offered Stacy employment as a bus mechanic, but Stacy refused it.

{¶4} Before February 24, 1998, Stacy had contacted the School Employees Retirement System ("SERS") to determine his benefits if he retired from employment with the board when he turned 62 in early 1999. By letter dated February 24, 1998, SERS sent him an estimate of his retirement benefits, which assumed a retirement date of April 1, 1999.

{¶5} Subsequent to the board's abolishment of his job and the notification concerning his layoff, on August 12, 1998, Stacy tendered his written resignation from employment with the board. In his letter, Stacy stated, "Due to my resignation, for the purpose of retirement (effective August 21, 1998) I hereby request to be paid for all unused vacation days, and personal days." The board accepted Stacy's resignation on August 17, 1998, and Stacy's final day of work was August 21, 1998. Stacy did not assert that he had been forced out of his job. Stacy received his final paycheck and severance pay from the board, and he began receiving SERS and Social Security benefits.

{¶6} On August 20, 1998, Ohio Association of Public School Employees/AFSCME, Local 4, AFL-CIO, the representative of the bargaining unit that included school bus drivers and Stacy as the lone mechanic, requested that the board honor the statutory employment contracts and continue to employ them for school year 1998-1999 and thereafter. At the time of the union's written request, Stacy had already tendered his resignation to the board and the board had accepted it.

{¶7} On August 24, 1998, the union and the individual school bus drivers commenced an action for a writ of mandamus to compel the board, its superintendent, its treasurer, and its president to reinstate them and award back pay and lost benefits. Stacy was not a party to the action. After the court of appeals denied the writ, this court, on June 21, 2000, reversed the judgment, granted the writ, and remanded the cause to the court of appeals for a determination of back pay and fringe benefits. *State ex rel. Ohio Assn. of Pub. School Emp./AFSCME, Local 4, AFL-CIO v. Batavia Local School Dist. Bd. of Edn.* (2000), 89 Ohio St.3d 191, 729 N.E.2d 743 ("*OAPSE*"). In so holding, we concluded that the board was not authorized to lay off the bus drivers, the contracting-out of these jobs to Laidlaw was invalid, and the bus drivers were entitled to reinstatement. Id.

{¶8} Shortly after our judgment was entered, Stacy asked the board by letter dated July 17, 2000, to be reinstated as a school bus mechanic. From September 1, 1998, until July 2000, he did not apply for any other job. The board did, however, reinstate all of the laid-off bus drivers, who, unlike Stacy, had not retired from their jobs.

{¶9} On October 10, 2000, Stacy filed a complaint in the Court of Appeals for Clermont County for a writ of mandamus to compel appellees, the board, its president, its superintendent, and its treasurer, to reinstate him to his position as a mechanic, honor his statutory employment contract, and award him back pay and lost benefits. Stacy claimed that the court's judgment in *OAPSE* had a "preclusive effect against [appellees] on all similar and dispositive issues" in the case. Stacy further claimed that he had been wrongfully excluded from employment with the board.

{¶10} The parties subsequently submitted evidence and briefs. In his deposition, Stacy testified that if the board had not executed the contract with Laidlaw and notified him of his layoff, he would not have retired in 1998. Stacy

further testified that he was advised that if he did not sign the resignation letter on August 12, 1998, he would not receive his severance pay upon retirement.

{¶11} On March 11, 2002, the court of appeals denied the writ. The court of appeals held that Stacy's voluntary retirement from employment with the board waived any right to reinstatement and back pay.

{¶12} This case is now before the court for consideration of the parties' requests for oral argument and the merits of Stacy's appeal.

Oral Argument

{¶13} The parties request oral argument in this appeal. We deny the requests. S.Ct.Prac.R. IX(2) does not require oral argument in this appeal, and the parties' briefs are sufficient to resolve this case. *Johnson v. Timmerman-Cooper* (2001), 93 Ohio St.3d 614, 615, 757 N.E.2d 1153. Although one of the issues raised in this appeal might be considered, as appellant contends, a matter of first impression for this court, this appeal involves no substantial constitutional issue, conflict between courts of appeals, or sufficiently complex legal or factual matters that would benefit from oral argument. See *State ex rel. Woods v. Oak Hill Community Med. Ctr., Inc.* (2001), 91 Ohio St.3d 459, 460, 746 N.E.2d 1108.

{¶14} Therefore, oral argument is not warranted.

Mandamus: Collateral Estoppel

{¶15} Stacy asserts that the court of appeals erred in denying the writ of mandamus. Stacy initially contends that our judgment in *OAPSE* collaterally estopped appellees from contesting his right to reinstatement, back pay, and lost benefits.

{¶16} "The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different."

4

*Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395, 692 N.E.2d 140; *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, paragraph three of the syllabus. Consequently, collateral estoppel prevents parties from relitigating in a subsequent case facts and issues that were fully litigated in a previous case. *State ex rel. Shemo v. Mayfield Hts.* (2002), 95 Ohio St.3d 59, 64, 765 N.E.2d 345.

{¶17} Contrary to Stacy's assertions, the issue of the right of public employees *who resigned* following notice of being laid off to be reinstated to their former employment with the board was never litigated in *OAPSE*. Stacy was not a party to that case, and none of the individual relators therein had retired before their layoff became effective. Stacy in effect concedes that this issue was not previously litigated by stating in his appellate brief, "Admittedly, Stacy's retirement was not litigated in [*OAPSE*]." In fact, in a post-*OAPSE* case, we ordered a board of education to reinstate those relator bus drivers and mechanics who had not retired after the board abolished their positions and subcontracted school busing services to Laidlaw. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (2001), 93 Ohio St.3d 558, 565, 757 N.E.2d 339.

{¶18} Therefore, our judgment in *OAPSE* did not collaterally estop appellees from claiming that Stacy's retirement waived his entitlement to reinstatement and back pay. See, e.g., *State ex rel. Stackhouse v. Becker* (Dec. 14, 1994), Lake App. No. 94-L-024, 1994 WL 721693 (no duty to reinstate public employee who had voluntarily retired); *Phillips v. W. Holmes Local School Dist. Bd. of Edn.* (Mar. 20, 1990), Holmes App. No. CA-407, 1990 WL 41584 (public employee waived his right to reinstatement and back pay by voluntarily retiring under board of education's early-retirement incentive plan).

Mandamus: R.C. 3319.081

{¶19} It is axiomatic that "[a] wrongfully excluded public employee may obtain back pay and related benefits in a mandamus action following reinstatement

or, in some cases, may obtain reinstatement and back pay and related benefits in the same mandamus action." *Boggs*, 93 Ohio St.3d at 563, 757 N.E.2d 339.

{¶20} Although collateral estoppel does not establish liability on the part of appellees, precedent does. R.C. 3319.081 prohibited the board from abolishing the positions of school bus driver and mechanic, laying off public employees in those positions, and contracting out those jobs to a private entity. *OAPSE*, 89 Ohio St.3d at 195, 729 N.E.2d 743; *Boggs*, 93 Ohio St.3d at 561, 757 N.E.2d 339. Consistent with *OAPSE* and *Boggs*, the board's actions were invalid because they violated R.C. 3319.081, and Stacy—assuming that he did not waive his rights—was not properly terminated from his continuing-contract status as a mechanic employed by the board.

Mandamus: Waiver

{¶21} The court of appeals held that Stacy waived his right to reinstatement because he voluntarily retired from his school bus mechanic position with the board.

{¶22} Waiver is a voluntary relinquishment of a known right. *State ex rel. Wallace v. State Med. Bd. of Ohio* (2000), 89 Ohio St.3d 431, 435, 732 N.E.2d 960. Waiver is generally applicable to all personal rights and privileges, whether contractual, statutory, or constitutional. *State ex rel. Athens Cty. Bd. of Commrs. v. Gallia, Jackson, Meigs, Vinton Joint Solid Waste Mgt. Dist. Bd. of Directors* (1996), 75 Ohio St.3d 611, 616, 665 N.E.2d 202. The burden is on the public employer to prove that waiver applies, and it may be enforced if the employer had a duty to perform and changed its position as a result of the waiver. *Chubb v. Ohio Bur. of Workers' Comp.* (1998), 81 Ohio St.3d 275, 279, 690 N.E.2d 1267.

{¶23} In examining the circumstances surrounding Stacy's retirement here, it is evident that Stacy retired in August 1998 only because the board illegally abolished his position and laid him off and contracted out the same work to Laidlaw. "[A]n election to retire should not be considered voluntary when the

6

employee's only alternative is a layoff or other reduction in work." See *Res. Mining Co. v. Anderson* (Minn.App.1985), 377 N.W.2d 494, 497, and cases cited therein; *Fiskewold v. H.M. Smyth Co., Inc.* (Minn.App.1989), 440 N.W.2d 164.

{¶24} The facts relied upon by the court of appeals to hold otherwise do not render Stacy's retirement involuntary. In concluding that Stacy had waived his right to reinstatement, the court of appeals noted that Stacy refused an offer of employment with Laidlaw, requested and received an estimate of benefits that he would be entitled to from SERS based upon a retirement date in early 1999, did not join in the *OAPSE* action, and did not argue that his retirement was involuntary until after the *OAPSE* decision.

{¶25} Stacy's refusal of an offer of employment with Laidlaw is irrelevant to the determination of whether his retirement was voluntary. It does, however, bear on the *post-liability* issue of mitigation of damages. In other words, *reinstated* public employees seeking to recover compensation due for a period of wrongful exclusion from employment may have that compensation reduced if the employer establishes with reasonable certainty the amount that the wrongfully excluded employee could have earned in appropriate employment during the period of exclusion. *State ex rel. Martin v. Bexley City School Dist. Bd. of Edn.* (1988), 39 Ohio St.3d 36, 528 N.E.2d 1250, syllabus. The court of appeals in effect conceded that Stacy's refusal of employment with Laidlaw was irrelevant to the board's duty to reinstate Stacy. The court observed that "[t]he reasons behind requiring a person who has been laid off or otherwise denied an employment opportunity to take available 'substantially similar' employment can be found in the *common law duty to minimize damages*." (Emphasis added.) It would be nonsensical to require a public employee like Stacy to accept an offer of employment for a job that was created illegally, see *OAPSE* and *Boggs*, in order to retain his right to continued public employment. And as a Laidlaw employee, Stacy would not have had the

same protections as a public employee of the board, e.g., union representation and termination of employment only for the reasons specified in R.C. 3319.081(C).

{¶26} Moreover, the fact that Stacy requested and received an estimate of retirement benefits before he was notified of the abolition of his position and his layoff is not credible evidence that he voluntarily retired. Stacy's request was for an estimate of retirement benefits when he reached 62 in *March 1999*. He ultimately retired in *August 1998* because of the board's illegal actions in abolishing his position, laying him off, and outsourcing his work to a private company. And "conduct in applying for and receiving retirement benefits does not necessarily indicate [his] intent to give up [his] right to continued [public] employment." See *Meyer v. Chagrin Falls Exempted Village School Dist. Bd. of Edn.* (1983), 9 Ohio App.3d 320, 324, 9 OBR 587, 460 N.E.2d 269.

{¶27} Nor is Stacy's failure to join in the *OAPSE* action dispositive of the voluntariness issue. It is immaterial whether Stacy knew about the suit before he decided to retire, which was soon after being notified of the abolition of his position and his layoff from public employment. " 'The mere initiation of litigation is not such evidence of eventual success as to have required [an employee] to stake his sustenance on its outcome.' " *Yuni v. Merit Systems Protection Bd.* (C.A.Fed.1986), 784 F.2d 381, 387, quoting *Covington v. Dept. of Health & Human Serv.* (C.A.Fed.1984), 750 F.2d 937, 942.

{¶28} In addition, Stacy did not need to lodge a protest when he retired. Any such protest would have been futile. The board was unwilling to void its actions until the court's decision in *OAPSE*.

{¶29} The court of appeals and appellees also erred in relying on *Phillips* and *Stackhouse* to support that court's holding that Stacy waived his right to reinstatement by retiring. In *Phillips*, the employee retired even though he failed to pursue an opportunity to remain employed by the board. In *Stackhouse*, the employee retired and then attempted to return after he was informed that disability

retirement benefits awarded following his retirement would cease within two years after his retirement. Unlike the employee in *Phillips*, Stacy had no option to remain employed by the board, and unlike the employee in *Stackhouse*, he retired only after being notified that his position was being abolished and he would be laid off. Both cases are consequently distinguishable.

{¶30} Therefore, an examination of all of the material facts establishes that appellees failed to prove that Stacy voluntarily relinquished his right to challenge the board's actions in abolishing his position and laying him off. Stacy's August 1998 retirement was involuntary because it was precipitated by the board's illegal actions. Once Stacy became aware that he had a right to reinstatement, soon after the *OAPSE* decision, he promptly requested reinstatement to his former position with the board. Stacy's retirement was involuntary, and he was entitled to a writ of mandamus compelling his reinstatement. The court of appeals erred in denying the writ.[1]

Back Pay and Fringe Benefits

{¶31} Because the court of appeals erroneously denied the writ to compel Stacy's reinstatement, it did not address Stacy's claim for back pay and lost benefits. Therefore, remand is appropriate to resolve that issue. See, e.g., *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 35, 641 N.E.2d 188 ("Since damages and other issues, *e.g.*, interest, have not yet been resolved, the court of appeals must address these issues on remand").

Conclusion

{¶32} Based on the foregoing, we reverse the judgment of the court of appeals and remand the cause for the issuance of a writ of mandamus compelling

---

1. Our standard of review requires deference to the court of appeals' factual determinations on the voluntariness issue if they were supported by competent, credible evidence. *State ex rel. Elsass v. Shelby Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 529, 536, 751 N.E.2d 1032, fn. 1. For the reasons previously discussed, however, the court of appeals' findings were not supported by competent, credible evidence, and it erred in relying on evidence that was irrelevant to the determination.

Stacy's reinstatement to his former position as a mechanic and for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––

Buckley, King & Bluso and James E. Melle, for appellant.

Ennis, Roberts & Fischer, C. Bronston McCord III and George E. Roberts III, for appellees.

––––––––––––––––––