JOURNAL ENTRY AND OPINION
{¶ 1} The Federal Insurance Company ("Federal") appeals from an order of Judge John D. Sutula, that granted summary judgment for the underinsured motorist ("UIM") claims of the family, relatives and estate of Nancy A. Kulikowski, deceased,[1] under an excess liability insurance policy issued to her employer. Federal claims, among other things, that it was error to find that collateral estoppel barred it from raising the Ohio Supreme Court's decision in Westfield Ins. Co. v.Galatis[2] as a defense to the UIM claims. We reverse and enter judgment for Federal.
 {¶ 2} On October 24, 1996, Mrs. Kulikowski was killed when a semi tractor-trailer, owned by Nat Farinacci Sons, Inc., and driven by Lawrence Geis, rear-ended the car she was driving. Her estate settled with the tortfeasors for the limits of their insurance, and then filed suit to recover UIM benefits on two State Farm Mutual Auto Insurance Company ("State Farm") policies issued to Mr. and Mrs. Kulikowski. During that litigation the Ohio Supreme Court decided Scott-Pontzer v. LibertyMut. Fire Ins. Co.,[3] and State Farm filed a third-party complaint against Federal, which had issued a business auto policy to Mrs. Kulikowski's employer, Lincoln Electric. The Kulikowskis later learned that Federal had also issued an excess liability policy to Lincoln Electric, but did not seek to amend their complaint to seek UIM coverage under that policy until four months later, which time was also a month after the judge had granted summary judgment to Federal on its business auto policy. The judge denied the motion to amend and, on appeal, a panel of this court ruled both that it was not an abuse of discretion to deny leave to amend the complaint and that Federal was entitled to summary judgment on its business auto policy because the policy limits did not exceed the liability payments of the tortfeasors.[4]
 {¶ 3} On July 26, 2001, prior to release of the opinion in KulikowskiI, the Kulikowskis filed the complaint in this case, seeking UIM benefits under Federal's excess policy. Federal moved for summary judgment, arguing, among other things, that the doctrine of res judicata barred the claims because the issue should have been litigated in the first action, and that the claimants were not insureds under the policy because a "broadened coverage endorsement" in the business auto policy[5] had eliminated the Scott-Pontzer ambiguity in that policy.
 {¶ 4} The Kulikowskis moved for partial summary judgment on the issue of coverage, arguing that res judicata did not bar their claims under the excess policy because they were denied the opportunity to raise them inKulikowski I. The judge agreed with this argument, found against Federal on its other arguments, and entered partial summary judgment in favor of the Kulikowskis, because he found that they were entitled to UIM coverage under the excess policy. The parties stipulated to damages, and Federal states five assignments of error, which are included in an appendix to this opinion, but we find it necessary to address only the first.
 {¶ 5} Federal claims that the decision in Galatis, supra, released after the judge's ruling in this case, limited the holding inScott-Pontzer to allow UIM coverage under an employer's policy for losses sustained by the employee only if the loss occurs within the course and scope of employment.[6] Because Mrs. Kulikowski was not on the job, the Kulikowskis apparently concede that, under Galatis, there would be no coverage, but they argue that collateral estoppel bars Federal from raising this defense because it did not challenge the application ofScott-Pontzer in Kulikowski I.
 {¶ 6} Collateral estoppel, or issue preclusion, applies to bar relitigation of an issue that has been heard and decided in a previous case.[7] For collateral estoppel to apply, the issue in question must have arisen previously between the same parties or their privies, the issue must have been actually heard and decided in the earlier case, and a ruling on the issue must have been necessary to the decision in the case.[8] The Kulikowskis claim that Federal cannot challengeScott-Pontzer's application to the excess policy because it failed to do so in the earlier case, but this argument admits that the issue was not actually heard or decided in Kulikowski I. Moreover, a challenge toScott-Pontzer was unnecessary to the decision in Kulikowski I, because the court used other grounds to rule that Federal was not liable on the business liability policy.[9] Therefore, collateral estoppel does not apply to bar application of Galatis to this case. The first assignment is sustained.
 {¶ 7} Because our resolution of the first assignment of error is dispositive, we decline to address the remaining assignments.[10]
 {¶ 8} The judgment is reversed and judgment entered for Federal.
 APPENDIX — ASSIGNMENTS OF ERROR I. The trial court erred in applying the holdings of scott-pontzer andezawa to find the kulikowskis to be insureds under the federal excesspolicy because scott-pontzer and ezawa never were the law.
 II. The trial court erred in finding that the kulikowskis' claims werenot barred by res judicata, issue preclusion, claim preclusion, and thatit had subject matter jurisdiction over the kulikowskis' claims.
 III. The trial court erred in finding the Kulikowskis to be insuredsunder the federal excess policy even under the holdings of Scott-Pontzerand Ezawa because the federal excess policy did not contain theScott-Pontzer ambiguity and only insured employees of the named insuredcorporation while operating a covered auto within the course and scope oftheir employment.
 IV. The trial court erred in finding the Kulikowskis to be entitled toum/uim coverage under the federal excess policy because they breached theprompt notice and preservation of subrogation rights provisions of thefederal excess policy and failed to rebut the presumption of prejudice tofederal from those breaches.
 V. The trial court erred in considering the affidavits submitted by theKulikowskis to rebut the presumption of prejudice to federal due to theKulikowsis' breach of the prompt notice and preservation of subrogationrights provisions of the federal excess policy because the affidavitswere improper under Civ.R. 56(E).
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., J., concurs.
 Corrigan, A.J., concurs in judgment only.
[1] We will refer to the plaintiffs collectively as the "Kulikowskis."
[2] 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256.
[3] 85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116.
[4] Kulikowski v. State Farm Mut. Auto Ins. Co., Cuyahoga App. Nos. 80102, 80103, 2002-Ohio-5460, ¶ 63-88 (Kulikowski I).
[5] The excess policy covers only claims that would have been covered under the primary policy.
[6] Galatis, at paragraph 2 of the syllabus.
[7] State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.,97 Ohio St.3d 269, 2002-Ohio-6322, 779 N.E.2d 216, at ¶ 16.
[8] Id., at ¶ 16-17.
[9] Kulikowski I, 2002-Ohio-5460, at ¶ 63-74.
[10] App.R. 12(A)(1)(c).