ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Plaintiffs-appellants, Ithaki, Ltd. ("Ithaki"), Caroline Mueller ("Mueller"), and George Sintsirmas ("Sintsirmas") (collectively "Ithaki"), appeal the trial court's grant of summary judgment in favor of defendant-appellee Parkview Federal Savings Bank ("Parkview"). We find merit to this appeal and reverse and remand.
 {¶ 3} In October 2001, Ithaki commenced the underlying action against Parkview, alleging breach of contract, breach of confidentiality, invasion of privacy, and negligence. The allegations stemmed from Parkview's conduct in RecordsDeposition Services of Ohio, Inc. v. Med-Ease, Inc., Case No. CV-412917 ("the RDS case"). Ithaki claimed that Parkview released confidential information to Records Deposition Services of Ohio, Inc. ("RDS") pursuant to a defective subpoena. Ithaki further claimed that Parkview disseminated this information despite its express representation that such information would not be released without Ithaki's authorization.
 {¶ 4} The RDS case involved an action against Med-Ease, Inc. and Sintsirmas, alleging conversion of trade secrets and tortious interference with business relations. Although both Sintsirmas and Mueller had an ownership interest in Med-Ease, Sintsirmas was the only named defendant with Med-Ease. Neither Parkview, Mueller, nor Ithaki were named parties in the RDS case. In August 2000, RDS issued a subpoena to Parkview, requesting financial documents pertaining to a loan and mortgage sought by Ithaki for an office complex. The subpoena also sought, inter alia, any and all loan applications or other applications for financing by either Ithaki, Mueller, Sintsirmas, or any other person, entity, or association related to, affiliated with, or connected with Ithaki, Mueller, or Sintsirmas. Following Parkview's release of the documents, the trial court in the RDS case ordered RDS to return the documents to Parkview because RDS did not comply with Civ.R. 45 by serving the subpoena on all the parties.
 {¶ 5} Subsequently, RDS issued another subpoena in December 2000 to Parkview and requested the same information sought by the first subpoena. Parkview, along with both defendants, Med-Ease, Inc. and Sintsirmas, moved for a protective order and to quash the subpoena. RDS then moved to compel Parkview to produce the documents. Ultimately, on August 17, 2001, the trial court granted the RDS motion to compel and ordered Parkview to produce the documents.
 {¶ 6} Following Ithaki's filing of the complaint in the instant case, Parkview moved to dismiss on the basis that the documents were released in accordance with the trial court's order granting the RDS motion to compel. The trial court construed the motion to dismiss as a motion for summary judgment and denied it. Parkview again moved for summary judgment, which the court denied. Finally, Parkview moved for reconsideration of the denial of its summary judgment on the grounds that Ithaki's claims were barred by collateral estoppel. In response, Ithaki moved to compel discovery, to delay ruling on the motion for summary judgment, and to postpone the trial.
 {¶ 7} The trial court granted Parkview's motion for reconsideration, stating:
{¶ 8} "* * * The issues regarding Defendant Parkview's releaseof financial documentation pursuant to court order were actuallylitigated in another court in case number 412917. The previouscourt determined that no privileged material would becompromised, and ordered Parkview to release the documentation.Additionally, the party against whom estoppel is sought was aparty or in privity with a party to the prior action. Thompsonv. Wing (1994), 70 Ohio St.3d 176, 183. Accordingly, this courtfinds that Defendant Parkview is entitled to judgment as a matterof law."
 {¶ 9} Ithaki appeals the grant of summary judgment, raising two assignments of error.
 {¶ 10} We review a trial court's granting of summary judgment on a de novo basis. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor SoccerClub, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, as follows:
{¶ 11} "Pursuant to Civ.R. 56, summary judgment is appropriatewhen (1) there is no genuine issue of material fact, (2) themoving party is entitled to judgment as a matter of law, and (3)reasonable minds can come to but one conclusion and thatconclusion is adverse to the nonmoving party, said party beingentitled to have the evidence construed most strongly in hisfavor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679,1995-Ohio-286, paragraph three of the syllabus. The party movingfor summary judgment bears the burden of showing that there is nogenuine issue of material fact and that it is entitled tojudgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 292-293, 1996-Ohio-107."
 {¶ 12} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359,1992-Ohio-95.
 Collateral Estoppel {¶ 13} In its first assignment of error, Ithaki argues that the trial court erred in determining that its claims were barred by the doctrine of collateral estoppel. Ithaki claims that none of the elements for collateral estoppel exist because the parties in the two actions are different and the issue at the core of its lawsuit, i.e., the release of confidential information pursuant to a defective subpoena and in violation of a confidentiality agreement, was not litigated in the earlier action.
 {¶ 14} Collateral estoppel, also known as issue preclusion, bars the relitigation of an issue or fact that was previously determined in a prior action between the same parties or their privies. State ex rel. Stacy v. Batavia Local School Dist. Bd.of Edn., 97 Ohio St.3d 269, 2002-Ohio-6322, citing State exrel. Shemo v. Mayfield Hts., 95 Ohio St.3d 59, 64,2002-Ohio-1627. "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party in the prior action." Thompson v. Wing,70 Ohio St.3d 176, 1994-Ohio-358.
 {¶ 15} Contrary to Parkview's assertion, we find that the trial court's order in the RDS case did not adjudicate the issues raised in Ithaki's complaint. The order relied on by Parkview for the application of collateral estoppel pertained to the discovery of financial documents pursuant to the court's order after a proper subpoena. However, Ithaki's complaint stemmed from Parkview's initial release of the documents pursuant to a defective subpoena and in violation of its confidentiality agreement. Further, regardless of whether the trial court found the documents to be unprivileged, this court order did not adjudicate the issue of Parkview's liability for releasing documents pursuant to a defective subpoena and against its confidentiality agreement. Thus, the doctrine of collateral estoppel does not bar Ithaki's claims because the issues have not been previously decided.
 {¶ 16} Having found that the underlying issue has not already been litigated, we need not address the question of privity.
 {¶ 17} Accordingly, the first assignment of error is well taken. We hold that the doctrine of collateral estoppel does not bar the Ithaki claims. Further, we find the second assignment of error moot.[1]
Judgment reversed and case remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J. and Dyke, J. Concur.
[1] In its second assignment of error, Ithaki challenges the trial court's denial of its motion to compel discovery, delay ruling on the motion for summary judgment, and postpone the trial.