OPINION
{¶ 1} On April 13, 2006, appellant, Leonard Vickers, began working for Vasu Communications, Inc. On September 29, 2006, appellant was discharged. On October 2, 2006, appellant filed an application for unemployment compensation benefits (first claim). By determination dated October 18, 2006, the Ohio Department of Job and Family Services disallowed the application, finding appellant was discharged for just cause.
 {¶ 2} On October 22, 2006, appellant filed a second application for unemployment compensation benefits (second claim).
 {¶ 3} On October 23, 2006, appellant appealed the October 18, 2006 decision on the first claim. On November 6, 2006, appellee, the Director of the Ohio Department of Job and Family Services, affirmed the October 18, 2006 decision.
 {¶ 4} By determination dated November 7, 2006, the Ohio Department of Job and Family Services disallowed the October 22, 2006 application, the second claim, finding the issue in the claim was the same as was adjudicated in the prior benefit year and therefore could not be re-litigated. On November 8, 2006, appellant appealed this decision.
 {¶ 5} On November 9, 2006, a notice was issued by the office of unemployment compensation stating appellant's appeal of the October 18, 2006 decision regarding the first claim was withdrawn; therefore, the November 6, 2006 determination was final.
 {¶ 6} On November 22, 2006, appellee affirmed the November 7, 2006 decision regarding the second claim. *Page 3 
 {¶ 7} On December 13, 2006, appellant appealed the November 22, 2006 decision to the unemployment compensation review commission. A hearing was held on April 30, 2007. By decision mailed May 4, 2007, the commission affirmed the November 22, 2006 decision.
 {¶ 8} On May 19, 2007, appellant filed a request for a review of the May 4, 2007 decision, arguing "that due to a glitch or deformity in the online electronic filing system of the Ohio Department of Job and family Services that his appeal was tainted by merging other cases with it." Appellant argued he attempted "to modify but due to the lack of options in said filing profile, the appeal was withdrawn."
 {¶ 9} By decision mailed June 5, 2007, the commission disallowed the request for review.
 {¶ 10} On July 2, 2007, appellant filed an administrative appeal with the Court of Common Pleas of Richland County, Ohio. By decision filed November 27, 2008, the trial court found "neither the Review Commission nor this court may re-examine an issue that was conclusively determined in a prior proceeding," and ruled against appellant.
 {¶ 11} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 12} "THE TRIAL CORT ERRED IN ITS INTERPRETATION OF THE LAW IN GRANTING JUDGMENT IN DEFENDANT-APPELLEE DIRECTOR, OHIO DEPARTMENT OF JOB AND FAMILY SERVICES' FAVOR ON ALL CLAIMS AGAINST *Page 4 
IT IN PLAINTIFF-APPELLANT'S ADMINISTRATIVE APPEAL, AS IT DID NOT CONSIDER THE DOCTRINES OF EQUITABLE TOLLING AND/OR ESTOPPEL."
 II {¶ 13} "THE TRIAL COURT ERRED IN ITS APPLICATION OF THE CASE OFMORRISON V. STEINBACHER, C2-84-1602 AND C2-86-0012 (S.D. OHIO 1988), AS THE PLAINTIFF-APPELLANT NEVER HAD A TRIAL ON THE MERITS CONCERNING HIS TERMINATION AND THEREFORE, THERE NEVER HAS BEEN A JUDGMENT ON THE MERITS."
 III {¶ 14} "THE TRIAL COURT ERRED IN ITS INTERPRETATION OF CLAIM PRECLUSION AND ISSUE PRECLUSION, ALSO REFERRED TO AS RES JUDICATA AND COLLATERAL ESTOPPEL."
 IV {¶ 15} "THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO DEFENDANT-APPELLEE DIRECTOR, OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, AS THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S DECISION WAS UNLAWFUL, UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE; AND THERE WAS NOT SUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT THE COMMISSION'S DECISION."
 I, II, III, IV {¶ 16} Appellant challenges the trial court's decision of November 27, 2007 wherein the trial court concluded the following: *Page 5 
 {¶ 17} "The Ohio Department of Job and Family Services argues in its brief that under the precedent of Morrison v. Steinbacher,* * *the Director and Review Commission cannot relitigate the reason for a claimant's separation in a second benefit year if that same separation has already been ruled upon in a previous benefit year's determination. This court agrees and finds that the Review Commission properly applied Ohio precedent in disallowing Mr. Vickers' request for review. * * * The instant appeal is based upon the proceedings following a second application for benefits. Within the context of the instant proceedings, neither the Review Commission nor this court may re-examine an issue that was conclusively determined in a prior proceeding.
 {¶ 18} "Furthermore, while the court acknowledges the possibility of technical errors intervening in the judicial process, the time to raise this argument was during the proceedings on Mr. Vickers' first application for benefits. The record indicates that a `Notice of Withdrawal of Appeal' was sent to Mr. Vickers on November 9, 2006, and this notice was not appealed. Consequently, this court is without jurisdiction to evaluate the proceedings that led to the November 6, 2006 redetermination becoming final. * * * Therefore, Mr. Vickers' motion for leave to file an untimely appeal is not well-taken." (Footnotes omitted.)
 {¶ 19} R.C. 4141.282 governs unemployment compensation appeals to the court of common pleas. Subsection (H) states the following:
 {¶ 20} "The court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or *Page 6 
modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission."
 {¶ 21} Our role in reviewing the trial court's decision is to determine whether the trial court appropriately applied the standard of unlawful, unreasonable or against the manifest weight of the evidence.Tzangas, Plakas Mannos v. Ohio Bureau of Employment Services,73 Ohio St.3d 694, 1995-Ohio-206. While we are not permitted to make factual findings or determine the credibility of witnesses, we have the duty to determine whether the commission's decision is supported by the evidence in the record. This same standard of review is shared by all reviewing courts, from common pleas courts to the Supreme Court of Ohio. We are to review the commission's decision sub judice and determine whether it is unlawful, unreasonable, or against the manifest weight of the evidence. We note a judgment supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. C.E.Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279.
 {¶ 22} Appellee argues "determinations in two consecutive benefit years must be consistent with respect to the reason for separation. As a result, the only way to reverse a separation is during the proceedings on the first application for benefits." Appellee's Brief at 3-4. In support of its argument, appellee cites the case of Morrison v.Steinbacher, (S.D.Ohio 1988), Case Nos. C2-84-1601 and C2-86-0012, wherein the Morrison court held "the reason for claimant's separationcannot be re-litigated in a second benefit year, if that same separartion had already been ruled upon in a determination issued in a previous benefit year." Appellee's Brief at 3. Appellant *Page 7 
argues the Morrison case does not apply because of the doctrine of collateral estoppel and the failure to grant him due process.
 {¶ 23} In Nye v. Ohio Board of Examiners of Architects,165 Ohio App.3d 502, 2006-Ohio-948, ¶ 13, our brethren from the Tenth District explained "collateral estoppel" as follows:
 {¶ 24} "[T]he doctrine of collateral estoppel provides that an issue or a fact that was fairly, fully, and necessarily litigated and determined in a prior action may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different. State exrel. Stacy v. Batavia Local School Dist. Bd. of Edn., 97 Ohio St.3d 269,2002-Ohio-6322, 779 N.E.2d 216, at ¶ 16. Collateral estoppel applies when (1) the fact or issue was actually and directly litigated in the prior action, (2) the fact or issue was passed upon and determined by a court of competent jurisdiction, and (3) the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action."
 {¶ 25} In this case, appellant's first claim for unemployment compensation benefits (October 2, 2006) was denied because just cause was found for appellant's discharge. This was appellant's first benefit year. Appellant appealed, but the appeal was withdrawn. The appeal sub judice concerns appellant's second claim for unemployment compensation benefits (October 22, 2006) from the same termination, but in the second benefit year. This claim was denied based upon the doctrine of collateral estoppel. *Page 8 
 {¶ 26} Upon review, we concur appellant was barred from re-litigating an issue previously determined and wherein an appeal was not pursued. We find collateral estoppel was the correct doctrine to apply in this case.
 {¶ 27} Assignments of Error I, II, III, and IV are denied.
 {¶ 28} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 Farmer, J. Gwin, P.J. and Wise, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1