DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Edward P. Hamrick and Nicole G. Hamrick (collectively, the "Hamricks"), appeal from the judgment of the Lorain County Court of Common Pleas, which granted summary judgment in favor of Appellees, DaimlerChrysler Corporation ("DaimlerChrysler")[1] and Sliman's Sales and Service, Inc. ("Sliman"). We reverse in part, affirm in part, and remand
 I. {¶ 2} This case arises from the Hamricks' purchase of a new Dodge Ram truck from Sliman's in 1999, which DaimlerChrysler manufactured. On April 30, 2000, appellant Edward Hamrick ("Edward") was driving the truck and towing a homemade trailer carrying a 1960 Corvair owned by Edward's mother, Mary Lu Hamrick ("Mary Lu"). The trailer broke loose from the truck. Mary Lu brought an action against DaimlerChrysler in the small claims division of the municipal court for damages to the Corvair. The court entered judgment in her favor and against DaimlerChrysler in the amount of $2,749.97.
 {¶ 3} On February 5, 2002, the Hamricks filed a complaint against DaimlerChrysler and Sliman's, alleging violations of the consumer sales practices act, and claims under theories of Ohio's lemon law and product liability. DaimlerChrysler filed a motion to dismiss, arguing that the action was barred by the doctrine of res judicata. The trial court granted the motion, and the case was dismissed.
 {¶ 4} Thereafter, the Hamricks appealed to this Court. On June 18, 2003, we reversed the trial court's decision and remanded the case for further proceedings, concluding, inter alia, that the trial court erred when it granted DaimlerChrysler's motion to dismiss based upon res judicata, stating that the affirmative defense of res judicata is not properly decided in a motion to dismiss. Hamrick v. Daimler-ChryslerMotors, 9th Dist. No. 02CA008191, 2003-Ohio-3150, at ¶ 7, citing Stateex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107, 109; Shaper v.Tracy (1995), 73 Ohio St.3d 1211, 1212, 1995-Ohio-37.
 {¶ 5} On remand, the Hamricks filed a motion for summary judgment, and DaimlerChrysler and Sliman's filed a joint motion for summary judgment. The common pleas court entered judgment in favor of DaimlerChrysler and Sliman's and against the Hamricks, based upon the doctrine of res judicata.
 {¶ 6} The Hamricks timely appealed, asserting two assignments of error for review. Because these assignments of error involve similar issues of law and fact, we address them together.
 II. First Assignment of Error
"The trial court committed prejudicial error in failing to grant appellants' motion for summary judgment, in granting appellees' motion on the basis of `res judicata' based upon the determination of the elyria municipal small claims division entered against the appellee manufacturer and in favor of appellants' mother and mother-in-law, and in failing to recognize that the jurisdiction of the small claims court while permitting the litigation of the product defect against appellee by appellants' mother and mother-in-law, did not extend to all of the appellants' claims as were made in the instant matter before the Lorain County Common Pleas Court; the appellee manufacturer should have been collaterally estopped to deny the judicial finding of the existence of the exact and precise manufactured defect of which the appellants did complain; the trial court erred in determining that the appellants are barred by the application of the doctrine of `res judicata' from proceeding upon their claims against appellees as set forth in their complaint filed with the Lorain County Common Pleas Court and specifically including the appellants' claim under their causes of action set forth in their complaint and existing under the consumer sales practices act for violations of chapter 1345 of the revised code; R.C. §1345.02; R.C. § 1345.73(D); R.C. § 1345.75; R.C. § 1345.77(C); AND R.C. § 1302.66. the Lorain County Court of Common Pleas has failed to recognize to the prejudice of appellants that it is the only trial court that appellants could have access to for the full and complete litigation of their claims. this judgment issued against appellants by the trial court has resulted in a miscarriage of justice and has constitutionally deprived the appellants of their day in court and of their rights under ohio law to seek legal redress against appellees."
 Second Assignment of Error
"The trial court committed prejudicial error in granting appellee's motion for summary judgment on the basis of `res judicata' based upon the determination of the elyria municipal court small claims division entered against the appellee manufacturer and in favor of appellants' mother and mother-in-law. the trial court committed prejudicial error in failing to recognize that the jurisdiction of the small claims court while permitting the litigation of the product defect against appellee by appellants' mother and mother-in-law, did not extend to all of the appellants' claims as were made in the instant matter before the Lorain County Common Pleas Court. The appellee manufacturer should have been collaterally estopped to deny the judicial finding of the existence of the exact and precice [sic.] manufactured defect of which the appellants did complain; the trial court erred in determining that the appellants are barred by the application of the doctrine of `res judicata' from proceeding upon their claims against appellees as set forth in their complaint filed with the Lorain County Common Pleas Court and specifically including the appellants' claims under their causes of action set forth in their complaint and existing under the consumer sales practices act for violations of chapter 1345 of the revised code; R.C. §1345.02; R.C. § 1345.73(D); R.C. § 1345.75; R.C. § 1345.77(C): [sic.] and R.C. § 1302.66. The Lorain County Court of Common Pleas has failed to recognize to the prejudice of appellants that it is the only trial court that appellants could have access to for the full and complete litigation of their claims. This judgment issued against appellants by the trial court has resulted in a miscarriage of justice and has unconstitutionally deprived the appellants of their day in court and of their rights under ohio law to seek redress against appellees."
 {¶ 7} In their first and second assignments of error, the Hamricks contend that the trial court erred when it granted DaimlerChrysler and Sliman's' joint motion for summary judgment and entered judgment in favor of DaimlerChrylser and Sliman's. We agree with respect to certain arguments that the Hamricks make, as discussed below.
 {¶ 8} An appellate court reviews a trial court's entry of summary judgment de novo, applying the same standard used by the trial court.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336;Klingshirn v. Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 9} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt, 75 Ohio St.3d 280, 292-93, 1996-Ohio-107. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id. at 293.
 {¶ 10} Once this burden is satisfied, the non-moving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts which show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material which shows that a genuine dispute over the material facts exists. Id.; Henkle v. Henkle (1991),75 Ohio App.3d 732, 735. In its review of a granting of a motion for summary judgment, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." American Energy Servs., Inc. v. Lekan
(1992), 75 Ohio App.3d 205, 208.
 {¶ 11} While the Hamricks present two assignments of error to this Court for review, we observe that these assignments of error contain identical arguments in support. Specifically, the Hamricks argue that (1) the municipal small claims court in which Mary Lu's product liability claim was litigated and adjudicated did not have jurisdiction over their claims for product liability, consumer sales practices violations, and lemon law claim, and thus that the common pleas court was the only court that could properly entertain these claims; (2) the Hamricks were not a party to the proceedings before the municipal court; (3) the common pleas court improperly concluded that their claims were barred by the doctrine of res judicata; and (4) the Hamricks were denied constitutional rights to due process by not being able to litigate their claims in the common pleas court.
 {¶ 12} We begin by addressing the Hamricks' third argument. The doctrine of res judicata provides:
"`[A] final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions, and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.'" State ex rel. Schneider v. Bd. of Educ. of the North Olmsted City School District (1988), 39 Ohio St.3d 281, 281, quoting Johnson's Island, Inc.v. Bd. of Twp. Trustees (1982), 69 Ohio St.2d 241, 243.
To be in "privity" with a party on the record of a prior judgment generally means that the relationship between the two is "`close enough to include th[e] other within the res judicata.'" (Citation omitted.)Brown v. Dayton, 89 Ohio St.3d 245, 248, 2000-Ohio-148, quoting Thompsonv. Wing (1994), 70 Ohio St.3d 176, 184. Privity exists when both persons have a "mutuality of interest, including an identity of desired result[.]" Brown, 89 Ohio St.3d at 248. More specifically, "`[p]rivity is defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right.'" Buchanan v. Palcra, Inc. (Dec. 31, 1987), 7th Dist. No. E-87-22, quoting Peterson v. Fee Internatl.Ltd. (D.C. Okla. 1975), 435 F. Supp. 938, 942.
 {¶ 13} Under the doctrine of res judicata, a final judgment is also conclusive as to all claims which might have been litigated in a first lawsuit. Spano Brothers Constr., Inc. v. Leisinger (July 24, 1996), 9th Dist. No. 17438, citing Natl. Amusements, Inc. v. Springdale (1990),53 Ohio St.3d 60, 62. It is irrelevant to the application of the res judicata doctrine whether the original claim explored all possible theories of relief. Brown, 89 Ohio St.3d at 248. The Supreme Court of Ohio has held that a valid, final judgment upon the merits of a case bars any subsequent action "based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp., 73 Ohio St.3d 379, 382, 1995-Ohio-331, citing 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25.
 {¶ 14} In the instant case, the municipal court entered a final judgment upon the merits with respect to Mary Lu's claims against DaimlerChrysler, which concerned the damage to her Corvair. However, we conclude that a mutuality of interest, and therefore privity, did not exist between Mary Lu and the Hamricks in this case. Although both Mary Lu and the Hamricks desired that DaimlerChrysler be found liable in products liability with respect to the defect in the hitch, they do not possess mirror relationships with respect to the same right of property; nor do they claim the same legal right in this case. See Buchanan,
supra. Mary Lu sought to recover damages to her Corvair, which amounted to less than $3,000.00. Mary Lu's sole interest in the Hamericks' product liability claim was to show that the hitch on the Hamricks' Dodge Ram was defective, in order to establish proximate causation of the injury to her Corvair.
 {¶ 15} Additionally, we find that the Hamricks' product liability and lemon law claims, while involving the same set of events as Mary Lu's action, are not the "same claim" within the meaning of the res judicata doctrine. See Schneider, 39 Ohio St.3d at 281; Johnson's Island, Inc.,69 Ohio St.2d at 243. Although Mary Lu was required to assert a products liability issue with respect to the Hamricks' Dodge Ram in order to prevail on her claim, she was nevertheless attempting to recover damages on her Corvair, and was not seeking damages for the Dodge Ram, which the Hamricks claim is in excess of $25,000.00. Therefore, we conclude that the Hamricks and Mary Lu did not possess identical claims. Thus, without reaching a determination as to the merits of these claims, we conclude that the doctrine of res judicata does not apply to prevent the Hamricks' subsequent products liability and lemon law claims.
 {¶ 16} The Hamricks also averred in their complaint that DaimlerChrysler denied them access to their informal dispute resolution process, which they claim constitutes an unfair and deceptive act or practice as defined by the Ohio Consumer Sales Practices Act (the "CSPA"), R.C. Chapter 1345.01, et seq., thereby violating the CSPA. Specifically, the Hamricks argue that R.C. 1345.77(A) requires that they be given access to an informal dispute resolution process. The CSPA and the Ohio Administrative Code do set forth provisions for the establishment of an informal dispute resolution mechanism. Specifically, O.A.C. 109:4-4-02, entitled "Option to establish informal dispute settlement boards[,]" provides that "[o]ne or more warrantors may
establish an informal dispute settlement board." (Emphasis added.) O.A.C. 109:-4-4-02(A). R.C. 1345.77 provides, in pertinent part, the following:
"(A) The attorney general shall adopt rules for the establishment and qualification of an informal dispute resolution mechanism to provide for the resolution of warranty disputes between the consumer and the manufacturer * * *. The mechanism shall be under the supervision of the division of consumer protection of the office of the attorney general * * *.
"(B) If a qualified informal dispute resolution mechanism exists and the consumer receives timely notification, in writing, of the availability of the mechanism * * *, the cause of action under [R.C.]1345.75 * * * may not be asserted by the consumer until after the consumer has initially resorted to the informal dispute resolution mechanism. * * *
"(C) Any violation of a rule adopted pursuant to division (A) of this section is an unfair and deceptive act or practice * * *.
The Hamricks contend that DaimlerChrysler has failed to comply with R.C. 1345.77. However, contrary to the Hamricks' belief, R.C. 1345.77
does not actually mandate that such a process exist. See O.A.C. 109:-4-4-02(A); R.C. 1345.77.
 {¶ 17} Along with their complaint filed in the common pleas court, the Hamricks submitted copies of correspondence between the Hamricks and DaimlerChrysler. Our careful review of this documentation indicates that in a letter dated November 2, 2001, DaimlerChrysler advised the Hamricks' to submit their demand for arbitration to an independent panel, the Customer Arbitration Board, the provisions for which are contained in the DaimlerChrysler vehicle owner's manual. On November 20, 2001, the case administration department from the National Center for Dispute Resolution notified the Hamricks that their vehicle was not eligible for the arbitration process because the Customer Arbitration Process has jurisdiction over service issues related to DaimlerChrysler's new vehicle limited warranties. In another letter from the National Center for Dispute Resolution dated December 10, 2001, the Hamricks were informed that "[t]he fact that [they] stated that a faulty part led to the cause of the accident, is more of a litigation issue. The Arbitration Process does not have the authority to [a]rbitrate this issue. Please refer to page 24, 3.7 OTHER EXCLUSIONS, in your Warranty Information Manual."
 {¶ 18} The Hamricks opine that DaimlerChrysler gave them the "run around" in their request for arbitration of their claims. However, the Hamricks' contentions regarding the CSPA provisions, as noted above, are not supported by the language of the statute, and they do not otherwise provide any other authorities that may substantiate their claims. We sympathize with the Hamricks for any confusion that may have arisen from the channeling of their claim through the administrative process, a process that is inevitable yet necessary. However, in light of such an unsubstantiated claim, we must conclude that a violation of the CSPA did not occur in this case.
 {¶ 19} Based upon the foregoing, we find that the trial court did not err when it entered judgment in DaimlerChrysler and Sliman's favor with respect to the Hamricks' CSPA claim. While we make no determination as to the merits of the Hamricks' products liability and lemon law claims, we do find that the doctrine of res judicata does not operate to bar these claims. Thus, we conclude that the trial court erred when it granted DaimlerChrysler and Sliman's motion for summary judgment on the Hamricks' products liability and lemon law claims on the basis of res judicata. Accordingly, the Hamricks' first and second assignments of error are sustained in part, overruled in part, and remanded for further proceedings consistent with this decision.
 III. {¶ 20} The Hamricks' first and second assignments of error are sustained in part, overruled in part. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this decision.
Judgment affirmed in part, reversed in part, and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Slaby, J., concurs.
Carr, P.J. concurs in judgment only saying:
 {¶ 21} Although I agree with the majority that res judicata is inapplicable, I cannot agree with the remainder of the majority's analysis because in my opinion Appellants have not established a cause of action for violation of the "lemon law." Therefore, Appellants do not have the right to the informal dispute resolution procedure under R.C.1345.77 and cannot establish a CSPA violation as a result.
[1] The Chrysler Corporation was also named as a defendant in the complaint underlying this appeal.