ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant William P. Mamounis ("Mamounis") contends that the Rocky River Municipal Court abused its discretion when it denied his 60(B)(5) motion without an evidentiary hearing. For the reasons that follow, we affirm.
 {¶ 3} Mamounis leased a vehicle from defendant-appellee John Lance Ford, LLC. (the "dealership"). As part of this transaction, Mamounis wrote a check to the dealership in the amount of $1,900. He placed a stop payment order on that check because he was dissatisfied with the vehicle and the dealership's customer service. The dealership pursued an action in municipal court to collect the money. A trial ensued and both parties submitted exhibits, which included Mamounis' dispute settlement board application that he had submitted to Ford Motor Company. The court entered judgment in favor of the dealership in the amount of $1,980, together with interest and costs.
 {¶ 4} Mamounis filed a motion to vacate the judgment on January 6, 2004 and sought leave to file a counterclaim and complaint against the dealership and Ford Motor Company. Defendant appeals from the municipal court's decision that denied these motions and raises two assignments of error for our review.
 {¶ 5} "I. Whether appellant presented sufficient operative facts which would warrant relief, precluding denial of the appellant's motion to vacate and set aside judgment under Rule 60(B)(5) of the Ohio Rules of Civil Procedure without an evidentiary hearing."
 {¶ 6} Mamounis argues that the trial court erred in denying his motion for relief from judgment without first conducting an evidentiary hearing.
 {¶ 7} Civ.R. 60(B) provides in part: "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 8} As with any motion for relief, the proponent has the burden of proof. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec.,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 9} A person filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief nor to a hearing on the motion. Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 104, 68 Ohio Op.2d 251, 316 N.E.2d 469. The movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion. Id. Therefore, he must submit factual material which, on its face, demonstrates the timeliness of the motion, reasons why the motion should be granted, and that he has a defense. Id.
 {¶ 10} If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court should grant a hearing to afford the movant an opportunity to present evidence in support of the motion before it rules on the motion. Id. at 105; Coulson v. Coulson (1983), 5 Ohio St.3d 12, 16. The failure of the trial court to do so would be an abuse of discretion. Ibid.; see, also, Kay v. Marc Glassman (1996),76 Ohio St.3d 18, 19-20; Matson v. Marks (1972),32 Ohio App.2d 319, 327, 61 Ohio Op.2d 476, 291 N.E.2d 491.
 {¶ 11} After careful consideration, we conclude that the trial court did not err in overruling Mamounis' motion for relief from judgment and his motion for leave to file a counterclaim and complaint. In these motions, Mamounis failed to present any new facts. Instead, he sought to raise new claims. Although derived from the same set of facts, these claims involve different laws and additional parties that were not compulsory to the collection action filed by the dealership. Hamrick v. DaimlerchryslerMotors, Lorain App. No. 03CA008371, 2004-Ohio-3415 (product liability and lemon-law claims are not the "same claim" within the meaning of the res judicata doctrine). Moreover, we find from the record that Mamounis did submit the factual basis, albeit not the claims, for the municipal court's consideration during trial. (See Def. Ex. 1 at R. 9).
 {¶ 12} Assignment of Error I is overruled.
 {¶ 13} "II. Whether denial of the appellant's motion to vacate and set aside judgment creates a presumption that res judicata is not applicable to any third party who was not a party to the original suit."
 {¶ 14} In his second assignment of error, Mamounis asks us to adopt his argument that a denial of his motion to vacate "implicitly holds" that his claims are not barred by res judicata. This would be nothing more than an advisory opinion since res judicata was not a basis for the municipal court's decision below. This issue is not ripe for review and it would, therefore, be improvident for us to address it.
 {¶ 15} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., concurs.
 Celebrezze, Jr., J., concurs in judgment only.