[Cite as *Crown Chrysler Jeep, Inc. v. Boulware*, 2015-Ohio-5084.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Crown Chrysler Jeep, Inc., | : | |
| Plaintiff-Appellee, | : | |
| v. | : | |
| Michael L. Boulware, | : | No. 15AP-162 |
| | | (C.P.C. No. 13CV-9718) |
| Defendant/Third-Party Plaintiff-Appellant, | : | (REGULAR CALENDAR) |
| | : | |
| Chrysler Group, LLC, n.k.a. FCA US LLC, | : | |
| | : | |
| Third-Party Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on December 8, 2015

*Chris L. Soon*, for appellant.

*Sutter O'Connell,* and *John R. Conley*, for Chrysler Group, LLC.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant/third-party plaintiff-appellant, Michael L. Boulware, appeals from a decision and entry of the Franklin County Court of Common Pleas granting the motion for summary judgment of third-party defendant-appellee, Chrysler Group, LLC, n.k.a. FCA US LLC ("Chrysler"). Boulware additionally appeals from a decision and entry overruling his objections to the magistrate's decision granting Chrysler's motion for sanctions, as well as from a judgment entry of the trial court entering judgment, following

a jury trial, for plaintiff-appellee, Crown Chrysler Jeep, Inc. ("Crown").  For the following reasons, we affirm.

## I.  Facts and Procedural History

{¶ 2}   By way of background, this case involves two separate lawsuits filed in the trial court.  On November 9, 2011, Boulware filed a complaint against Chrysler and Crown asserting various causes of action arising from the sale and subsequent servicing of a vehicle Boulware purchased from Crown ("the first lawsuit").  In the first lawsuit, Boulware alleged Chrysler breached express and implied warranties, engaged in unfair and deceptive practices, and violated Ohio's Lemon Law.  Further, Boulware alleged in the complaint of the first lawsuit that Crown engaged in unfair and deceptive acts regarding the sale of the vehicle.

{¶ 3}   On December 19, 2011, Chrysler filed a motion to stay and compel arbitration pursuant to an arbitration agreement attached to Boulware's purchase agreement for the vehicle.  On February 1, 2012, Boulware voluntarily dismissed all claims against Crown, and on February 10, 2012, the trial court granted Chrysler's motion and issued a decision and entry staying the matter and compelling arbitration.  More than six months later, Boulware filed a motion for reconsideration of the trial court's February 10, 2012 decision and entry.

{¶ 4}   In a November 21, 2013 decision and entry, the trial court denied Boulware's motion for reconsideration, reasoning that because the February 10, 2012 decision and entry was a final, appealable order and because the Ohio Rules of Civil Procedure do not provide for a motion for reconsideration after the issuance of a final, appealable order, Boulware's motion for reconsideration was a nullity.  As such, the trial court determined it could not consider Boulware's motion for reconsideration.  Boulware then filed a notice of appeal on December 20, 2013, purporting to appeal from both the February 10, 2012 and November 21, 2013 entries.  Following Chrysler's motion to dismiss the appeal as untimely, this court dismissed the appeal for lack of jurisdiction. *Boulware v. Chrysler Group, L.L.C.*, 10th Dist. No. 13AP-1061, 2014-Ohio-3398.  In dismissing the appeal, we noted Boulware filed his notice of appeal nearly two years from the trial court's issuance of its February 10, 2012 final, appealable order, and his appeal from that decision and entry was thus untimely.  *Id.* at ¶ 12.  Further, we concluded that

because Boulware's motion for reconsideration sought reconsideration of the February 10, 2012, which was a final, appealable order, the trial court's subsequent decision and entry denying Boulware's motion for reconsideration was also a nullity and, thus, was a not a final, appealable order. *Id.* at ¶ 13.

{¶ 5}   Before Boulware filed his notice of appeal in the first lawsuit, Crown initiated the instant action ("the second lawsuit").   On August 29, 2013, Crown filed a complaint against Boulware asserting claims for trespass and unjust enrichment.   The complaint alleged Boulware purchased a used vehicle from Crown on April 8, 2011 and, subsequently, after becoming dissatisfied with the vehicle, drove the vehicle to Crown and abandoned the vehicle on Crown's premises sometime between April 8, 2011 and December 1, 2011.   Boulware filed an answer on September 25, 2013.   Subsequently, on October 23, 2013, Boulware filed a third-party complaint against Chrysler asserting causes of action for a violation of Ohio's Lemon Law, unfair and deceptive acts, and breach of contract.

{¶ 6}   Chrysler filed a Civ.R. 12(B)(6) motion to dismiss Boulware's third-party complaint on November 25, 2013, asserting the affirmative defense of res judicata bars Boulware's Lemon Law claim and further asserting Boulware's claims of unfair and deceptive acts and breach of contract are not legally cognizable causes of action.   Because Chrysler's motion to dismiss presented matters outside the pleading, the trial court issued a December 10, 2013 order converting Chrysler's motion to dismiss into a motion for summary judgment.   Chrysler then filed additional briefing and exhibits in support for its newly converted motion for summary judgment, including an affidavit of John Robert Conley, Chrysler's attorney in the first lawsuit Boulware filed.   Boulware filed a memorandum in opposition to Chrysler's motion for summary judgment on January 7, 2014, and Chrysler filed a reply on January 13, 2014.

{¶ 7}   In a March 19, 2014 decision and entry, the trial court granted Chrysler's motion for summary judgment, concluding res judicata bars Boulware's third-party claim against Chrysler.   Following the trial court's decision and entry granting its motion for summary judgment, Chrysler then filed a motion for an award of court costs, attorney fees, and expenses, as well as a motion for sanctions pursuant to Civ.R. 11.   Boulware filed a memorandum in opposition to Chrysler's motion for sanctions, and Boulware

additionally filed his own motion requesting sanctions against Chrysler.  The trial court conducted a hearing on both motions on July 11, 2014.

{¶ 8}  Before the trial court ruled on the motions for sanctions, Boulware filed, on September 21, 2014, a Civ.R. 60 motion for relief from judgment in which he stated he had voluntarily dismissed his remaining claims still pending in the first lawsuit.  Chrysler opposed the Civ.R. 60 motion in a September 25, 2014 memorandum in opposition.  The trial court has not ruled on this motion.

{¶ 9}  In a December 10, 2014 decision, the magistrate denied Boulware's motion for sanctions and granted Chrysler's motion for sanctions, awarding Chrysler $2,500 in attorney fees and expenses as sanctions for frivolous conduct.  Chrysler filed objections to the magistrate's decision on December 23, 2014, arguing the amount of sanctions was too low and instead asking the trial court to award the entire requested amount of $15,674. Boulware also filed objections to the magistrate's decision, asking the trial court to deny Chrysler's request for sanctions and grant his request for sanctions.  In a March 5, 2015 decision and entry, the trial court overruled both Chrysler's and Boulware's objections to the magistrate's decision and adopted the magistrate's recommendation.

{¶ 10} Meanwhile, on July 7, 2014, Crown filed a motion for summary judgment on its claims of trespass and unjust enrichment against Boulware.  Boulware filed a memorandum in opposition on July 31, 2014.  Subsequently, on August 4, 2014, Boulware filed his own motion for summary judgment against Crown, and Crown opposed the motion in an August 7, 2014 memorandum contra.  The case ultimately proceeded to a jury trial, and on October 16, 2014, the jury returned a verdict in favor of Boulware on the trespass claim and a verdict in favor of Crown on the unjust enrichment claim, awarding Crown $1 in damages.  The trial court journalized the jury's verdict in a March 5, 2015 judgment entry.

{¶ 11} Boulware now timely appeals from the trial court's decision and entry granting summary judgment to Chrysler, the decision and entry granting Chrysler's motion for sanctions, and the judgment entry journalizing the jury's verdict in favor of Crown.

## II.  Assignments of Error

{¶ 12} Boulware assigns the following errors for our review:

[1.] The trial court erred in entering summary judgment in favor of third party defendant Chrysler Group LLC.

[2.] The trial court erred in failing to grant relief from judgment pursuant to Civ.R. 60(B)(4).

[3.] The trial court erred in failing to provide requested jury instructions and excluding trial references to the Ohio "Lemon Law".

[4.] The trial court erred adopting the magistrate's decision [regarding] award sanctions for frivolous conduct.

## III.  First Assignment of Error – Summary Judgment

{¶ 13} In his first assignment of error, Boulware argues the trial court erred in granting Chrysler's motion for summary judgment.  More specifically, Boulware argues the trial court erred in determining res judicata bars his third-party complaint against Chrysler.

{¶ 14} An appellate court reviews summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994).  Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor.  Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 15} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).  However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims.  *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997).  Once the

moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

{¶ 16} In granting Chrysler's motion for summary judgment, the trial court determined that the order granting a stay pending arbitration issued in the first lawsuit was a final order, and, as such, res judicata operated to bar Boulware's claims against Chrysler that Boulware alleged in his third-party complaint in the second lawsuit.

{¶ 17} " '[A] final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.' " *State ex rel. Schneider v. Bd. of Edn. of the N. Olmsted City School Dist.*, 39 Ohio St.3d 281, 281-82 (1988), quoting *Johnson's Island, Inc. v. Bd. of Twp. Trustees*, 69 Ohio St.2d 241, 243 (1982). "Application of the doctrine of res judicata does not depend on whether the original claim explored all possible theories of relief." *James v. Haydocy Automotive*, 10th Dist. No. 09AP-1066, 2010-Ohio-2562, ¶ 18, citing *Hamrick v. DaimlerChrysler Motors*, 9th Dist. No. 03CA008371, 2004-Ohio-3415, ¶ 13, citing *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000). "Rather, 'a valid, final judgment upon the merits of the case bars any subsequent action "based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." ' " Id., quoting *Hamrick* at ¶ 13, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).

{¶ 18} " 'The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel.' " *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, ¶ 27, quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, ¶ 6. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Id.* "The previous action is conclusive for all claims that were or that could have been litigated in the first action." *Id.*

{¶ 19} Issue preclusion, the corollary doctrine, provides that when an issue of fact was fairly, fully, and necessarily litigated and determined in a prior action, that same issue of fact "may not be drawn into question in a subsequent action between the same parties or their privies." *Swihart v. Ohio Adult Parole Auth.*, 10th Dist. No. 08AP-222, 2008-Ohio-6420, ¶ 18, citing *State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.*, 97 Ohio St.3d 269, 2002-Ohio-6322, ¶ 16. Issue preclusion applies whether the causes of action in two actions are different or identical. *Id.*, citing *Stacy* at ¶ 16.

{¶ 20} The trial court determined that the order in the first lawsuit compelling arbitration was a final order. Further, the trial court determined that the claims in Boulware's third-party complaint in the second lawsuit stemmed from the same set of operative facts, the issues and claims were or should have been raised in the first lawsuit, and the issues were deemed arbitrable. For those reasons, the trial court concluded res judicata bars Boulware "from attempting to subvert [the judge's ruling in the first lawsuit] by litigating claims that must be arbitrated." (Mar. 19, 2014 Decision and Entry, 6.)

{¶ 21} Boulware argues the trial court erred in determining res judicata operates to bar his third-party complaint because the decision in the first lawsuit staying proceedings and compelling arbitration, although it was a final order, was not a decision "on the merits." Stated another way, Boulware argues that because the trial court did not reach the actual merits of his Lemon Law and related claims against Chrysler, and because Chrysler has yet to participate in arbitration proceedings to Boulware's satisfaction, there has never been a decision "on the merits" necessary for res judicata to bar his third-party complaint. In support of his argument, Boulware relies on language from the Supreme Court of Ohio's decision in *Council of Smaller Ents. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661 (1998). In *Council of Smaller Enterprises*, the Supreme Court stated " 'in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims.' " *Id.* at 666, quoting *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986). Boulware seems to argue that an order compelling arbitration can never be a final decision on the merits because *Council of Smaller Enterprises* directs that a court cannot reach the merits of the underlying claims.

{¶ 22} Boulware's argument is unpersuasive. Though he is correct that a trial court, in staying proceedings and compelling arbitration, does not reach the merits of the underlying claim, he is incorrect that an order compelling arbitration is not a decision on the merits sufficient for res judicata to bar a subsequent attempt to litigate those same claims. Significantly, the "merits" of the order compelling arbitration in the first lawsuit are the determinations as to which claims are subject to the arbitration agreement and whether Chrysler is subject to the arbitration agreement. As we noted above, Boulware did not timely appeal the order compelling arbitration in the first lawsuit and that decision was final. Because the claims Boulware asserted against Chrysler in the third-party complaint are either restatements of the same claims he asserted in the first lawsuit or are claims arising out of the same transaction or occurrence as those in the first lawsuit, res judicata operates to bar those claims in the second lawsuit.

{¶ 23} This court has previously considered a similar issue in two related cases. In *Pyle v. Wells Fargo Fin.*, 10th Dist. No. 05AP-644, 2005-Ohio-6478 ("*Pyle I*"), Pyle appealed from the trial court's decision and entry granting the appellee's motion to stay proceedings pending arbitration pursuant to two separate arbitration agreements. Pyle argued on appeal that the trial court wrongly determined that the arbitration agreements were valid and thus wrongly determined the claims were subject to arbitration, but this court affirmed, finding the trial court did not abuse its discretion in staying proceedings pending arbitration. *Pyle I* at ¶ 25. Subsequently, in *State ex rel. Pyle v. Bessey*, 10th Dist. No. 05AP-394, 2006-Ohio-2047 ("*Pyle II*"), Pyle commenced an original action requesting this court issues writs of mandamus and procedendo ordering the judge in *Pyle I* to order discovery and conduct a hearing on whether an enforceable arbitration agreement exists between the parties in *Pyle I*. In adopting the magistrate's decision sua sponte dismissing Pyle's complaint, this court noted "collateral estoppel bars relitigation of issues that previously were actually and necessarily determined by a court of competent jurisdiction, whether or not the parties agree with that court's determination." *Pyle II* at ¶ 3. We concluded that this court's decision in *Pyle I* "constitutes res judicata relative to the within matter inasmuch as [Pyle] is seeking, by way of mandamus and procedendo, to compel [the trial court in *Pyle I*] to hear the matter on the merits and permit discovery." *Pyle* II at ¶ 12.

{¶ 24} Here, as in *Pyle II*, Boulware is attempting to collaterally attack an issue that was already determined in his first lawsuit: namely, that the claims he asserts against Chrysler are subject to arbitration. Though Boulware is not challenging the legitimacy of the arbitration agreement in the second lawsuit, his third-party complaint against Chrysler is an attempt to avoid the consequences of the final decision rendered in the first lawsuit determining Boulware's claim was subject to arbitration. *See Heller v. Pre-Paid Legal Servs., Inc.*, 9th Dist. No. 26376, 2013-Ohio-680, ¶ 22 (trial court determined it lacked subject-matter jurisdiction over claims and dismissed based on an underlying finding that an arbitration clause was valid and enforceable, and because no party appealed the trial court's dismissal, "irrespective of whether that dismissal was legally correct, that determination, *and the determination of any issues on which the dismissal was premised*, have been conclusively determined and may not be relitigated") (emphasis added). Because Boulware did not timely appeal from the final order in the first lawsuit compelling arbitration, he is collaterally estopped from attempting to assert the merits of his claims against Chrysler in the second lawsuit since the final order in the first lawsuit necessarily determined that his claims are subject to arbitration.

{¶ 25} Thus, we agree with the trial court that res judicata operates to bar Boulware's third-party complaint against Chrysler, and the trial court did not err in granting Chrysler's motion for summary judgment. We overrule Boulware's first assignment of error.

## IV. Second Assignment of Error – Civ.R. 60(B)

{¶ 26} In his second assignment of error, Boulware argues the trial court erred when it failed to grant Boulware's Civ.R. 60 motion for relief from judgment.

{¶ 27} Initially, we note that the trial court never ruled on Boulware's Civ.R. 60(B) motion for relief from judgment. "Ordinarily, any pending motions the trial court does not expressly rule on when it renders a final judgment in a case will be deemed to have been implicitly overruled." *Am. Business Mtge. Servs., Inc. v. Barclay*, 10th Dist. No. 04AP-68, 2004-Ohio-6725, ¶ 8, citing *Maust v. Palmer*, 94 Ohio App.3d 764 (10th Dist.1994). With respect to Civ.R. 60(B) motions, however, this court has determined that a trial court's failure to rule on a properly filed Civ.R. 60(B) motion is not an implicit denial of that motion; instead, an appellate court lacks jurisdiction to consider the merits

of the Civ.R. 60(B) motion until a timely appeal from the trial court's determination of such a motion. *Duncan v. Capital S. Community Urban Redevelopment Corp.*, 10th Dist. No. 02AP-653, 2003-Ohio-1273, ¶ 19. However, a party may seek Civ.R. 60(B) relief only from a final judgment. *Chitwood v. Zurich Am. Ins. Co.*, 10th Dist. No. 04AP-173, 2004-Ohio-6718, ¶ 9, citing *Jarrett v. Dayton Osteopathic Hosp., Inc.*, 20 Ohio St.3d 77, 78 (1985). Before the issuance of a final judgment in this case, the trial court's decision and entry granting Chrysler's motion for summary judgment was an interlocutory order, and Boulware filed his Civ.R. 60(B) motion for relief from judgment before the issuance of a final judgment. Thus, "[a] Civ.R. 60(B) motion for relief from such an interlocutory order will be properly taken by the trial court as a motion for reconsideration." *Id.*, citing *Buck-Durell Creative Dept., Inc. v. Imaging Power, Inc.*, 10th Dist. No. 02AP-281, 2002-Ohio-5908, ¶ 16. Accordingly, we construe the trial court's failure to rule on Boulware's motion as an implicit denial of a motion for reconsideration.

{¶ 28} An appellate court reviewing a trial court's decision on a motion for reconsideration of a grant or denial of summary judgment applies a de novo standard of review. *Hogrefe v. Mercy St. Vincent Med. Ctr.*, 6th Dist. No. L-13-1265, 2014-Ohio-2687, ¶ 38, citing *D.I.C.E., Inc. v. State Farm Ins. Co.*, 6th Dist. No. L-11-1006, 2012-Ohio-1563, ¶ 55, citing *Dunn v. N. Star Resources, Inc.*, 8th Dist. No. 79455, 2002-Ohio-4570, ¶ 10. "Thus, we 'afford no deference to the trial court's decision and independently review the record in the light most favorable to the non-movant to determine whether summary judgment is appropriate.' " *Id.*, quoting *Dunn* at ¶ 10.

{¶ 29} In his motion for reconsideration, Boulware argued that his voluntary dismissal of his remaining claims in the first lawsuit effectively dissolved the rulings in the first lawsuit, and as such, those rulings could not have had a res judicata effect on the second lawsuit. See *State ex rel. Engelhart v. Russo*, 131 Ohio St.3d 137, 2012-Ohio-47, ¶ 23 (stating "[t]he notice of voluntary dismissal is self-executing and completely terminates the possibility of further action on the merits of the case upon its mere filing, without the necessity of court intervention"). Thus, Boulware sought reconsideration of the trial court's grant of summary judgment to Chrysler in the second lawsuit on the grounds that his voluntary dismissal had nullified the order compelling arbitration in the first lawsuit.

{¶ 30} Notwithstanding his failure to timely appeal in the first lawsuit, Boulware argues that even if res judicata should apply to bar his third-party complaint, his subsequent voluntary dismissal of his remaining claims in the first lawsuit overcomes any potential res judicata effect of rulings made during the pendency of that case. Boulware relies on the Supreme Court's decision in *Denham v. New Carlisle*, 86 Ohio St.3d 594 (1999) for the proposition that a voluntary dismissal "leave[s] the parties as if no action had been brought." *Denham* at 596. Again, Boulware's argument misunderstands the applicable law. Though he is correct that a voluntary dismissal dissolves *interlocutory* decisions, the trial court's decision compelling arbitration in the first lawsuit was a *final* order, not an interlocutory order. Boulware's subsequent voluntary dismissal of his remaining claims in that lawsuit does not render the final order determining Boulware's claims were subject to arbitration any less final.

{¶ 31} A voluntary dismissal does not operate to nullify a final order. *See Denlinger v. Columbus*, 10th Dist. No. 00AP-315 (Dec. 7, 2000) (concluding a voluntary dismissal did not operate to dissolve a previous final order, stating even though the "voluntary dismissal purported to dismiss the entire action and all claims, the notice had no effect on those claims already subject to final judgment"). The trial court properly granted Chrysler's motion for summary judgment based on res judicata, and Boulware's subsequent voluntary dismissal of his claims in the first lawsuit did not create a genuine issue of material fact on Boulware's motion for reconsideration as res judicata still applied. Thus, the trial court did not err in implicitly denying Boulware's motion for reconsideration. We overrule Boulware's second assignment of error.

## V. Third Assignment of Error – Lemon Law

{¶ 32} In his third assignment of error, Boulware argues the trial court erred when it ruled Boulware could not present any evidence related to his Lemon Law claim against Chrysler. Boulware further argues the trial court erred when it refused to provide his requested jury instructions including an instruction on Ohio's Lemon Law.

{¶ 33} In Boulware's amended notice of appeal, filed March 10, 2015, he provides notice of his intention to appeal from the trial court's decision and entry granting summary judgment and from the trial court's failure to grant Civ.R. 60(B) relief from judgment. Boulware then states in his amended notice of appeal:

> [Boulware] also believes it was error for the Trial Court to deny specific jury instructions, and argument regarding defense of [Crown's] claims herein on the basis of the New Non-conforming Motor Vehicle ("Lemon Law") provisions of the Ohio Consumer Sales Practices Act. However, in light of the jury verdicts returned herein there is no practical reason to demand appellate review of that issue unless [Crown] also pursues appeal of this matter.

Crown has not filed a cross-appeal or a responsive brief in this appeal. However, in Boulware's merit brief, filed after his notice of appeal, Boulware assigns as error the trial court's failure to provide requested jury instructions and the trial court's exclusion of evidence related to his Lemon Law claim. Boulware again addresses the merits of this issue in his reply brief. Because Boulware assigned these issues as error, we will address the merits.

### A. Exclusion of Evidence

{¶ 34} A trial court has broad discretion over the admission or exclusion of evidence, and a reviewing court generally will not reverse an evidentiary ruling absent an abuse of discretion that materially prejudices the affected party. *Andrew v. Power Marketing Direct, Inc.*, 10th Dist. No. 11AP-603, 2012-Ohio-4371, ¶ 73, citing *State v. Issa*, 93 Ohio St.3d 49, 64 (2001); *State v. Barnes*, 94 Ohio St.3d 21, 23 (2002) (noting a trial court abuses its discretion when it acts "unreasonably, arbitrarily, or unconscionably").

{¶ 35} Boulware argues the trial court erred when it excluded from evidence any reference to Ohio's Lemon Law. However, Boulware concedes in his brief that "it can hardly be said that the exclusion of references to the Ohio Lemon Law's provisions * * * was significantly damaging to Mr. Boulware's interests in opposing Crown's claims against him." (Boulware Brief, 32-33.) Thus, Boulware does not argue that the trial court's evidentiary ruling in this regard materially prejudiced him. Moreover, Boulware's argument in this regard is premised on his earlier argument that the trial court erroneously granted summary judgment to Chrysler. Because we have already determined in our resolution of Boulware's first assignment of error that the trial court did not err in granting summary judgment to Chrysler on Boulware's third-party claims, we conclude the trial court did not err in excluding from evidence in the trial between

Crown and Boulware any reference to Boulware's Lemon Law claim against Chrysler. The trial between Crown and Boulware involved only the causes of action of trespass and unjust enrichment, and the trial court did not abuse its discretion in excluding any references to Ohio's Lemon Law on the basis that the references to Ohio's Lemon Law had no relevance to the immediate causes of action.

## B. Jury Instructions

{¶ 36} Boulware further argues the trial court erred in not providing his requested jury instructions containing information regarding Ohio's Lemon Law. "Ordinarily, a trial court should give requested jury instructions if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusions sought by the instruction." *Ball v. Stark*, 10th Dist. No. 11AP-177, 2013-Ohio-106, ¶ 23, citing *Murphy v. Carrollton Mfg. Co.*, 61 Ohio St.3d 585, 591 (1991). The evidence presented in the case must support the jury instructions given as " '[i]t is well established that the trial court will not instruct the jury where there is no evidence to support an issue.' " *Id.*, quoting *Murphy* at 591. Additionally, a trial court may refuse to give a jury instruction that is redundant. *Id.*, citing *Bostic v. Connor*, 37 Ohio St.3d 144 (1988), paragraph two of the syllabus.

{¶ 37} An appellate court considers the jury charge as a whole to determine whether the charge misled the jury in a manner that affected the appealing party's substantial rights. *Ball* at ¶ 24, citing *Kokitka v. Ford Motor Co.*, 73 Ohio St.3d 89, 93 (1995), and *Columbus Steel Castings Co. v. Alliance Castings Co., L.L.C.*, 10th Dist. No. 11AP-351, 2011-Ohio-6826, ¶ 15. The trial court has discretion to decide to give or refuse a particular instruction, and an appellate court will not disturb that decision absent an abuse of discretion. *Columbus Steel Castings Co.* at ¶ 15; *Eastman v. Stanley Works*, 180 Ohio App.3d 844, 2009-Ohio-634, ¶ 49 (10th Dist.).

{¶ 38} Here, having already determined the trial court did not abuse its discretion in excluding from evidence the references and questioning related to Ohio's Lemon Law, we conclude the trial court similarly did not abuse its discretion in not instructing the jury on Ohio's Lemon Law. The trial between Boulware and Crown did not involve a Lemon Law claim; the trial involved only claims of trespass and unjust enrichment. Because the

requested instructions were not applicable to the law of the case, the trial court had no obligation to provide the instructions.

{¶ 39} Having concluded the trial court did not abuse its discretion either in excluding references to Ohio's Lemon Law during the trial or in refusing to instruct the jury on Ohio's Lemon Law, we overrule Boulware's third assignment of error.

## VI.  Fourth Assignment of Error – Sanctions

{¶ 40} In his fourth and final assignment of error, Boulware argues the trial court erred in granting Chrysler's motion for sanctions and in denying his own motion for sanctions.

{¶ 41} Under R.C. 2323.51(B)(1), a court may award court costs, reasonable attorney fees, and other reasonable expenses to any party in a civil action that is adversely affected by an opponent's frivolous conduct.  When considering a motion for such an award, the court must hold a hearing to determine whether the alleged conduct was frivolous, whether any party was adversely affected by it, and the amount of award that will cover the additional costs incurred.  *Bennett v. Martin*, 10th Dist. No. 13AP-99, 2013-Ohio-5445, ¶ 17.  For purposes of R.C. 2323.51(A)(1)(a), "conduct" includes "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action * * * or the taking of any other action in connection with a civil action."  "Frivolous conduct," as defined in R.C. 2323.51(A)(2)(a)(ii), includes conduct that "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law."

{¶ 42} An appellate court's review of an award of sanctions under R.C. 2323.51 involves mixed questions of law and fact.  *Wiltberger v. Davis*, 110 Ohio App.3d 46, 51 (10th Dist.1996).  Determining whether conduct is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification or reversal of existing law is a legal question which we review de novo without deference to the judgment of the trial court.  *Lable & Co. v. Flowers*, 104 Ohio App.3d 227, 233 (9th Dist.1995); *Wiltberger* at 51-52.  When a trial court has found the existence of frivolous

conduct, we review the trial court's decision of whether or not to assess a penalty under an abuse of discretion standard. *Id.* at 52.

{¶ 43} Boulware argues the trial court erred in finding his conduct of filing his third-party complaint against Chrysler to be frivolous conduct, again arguing that the trial court erroneously determined that res judicata operated to bar the claims he asserted in his third-party complaint.

{¶ 44} In our disposition of Boulware's first two assignments of error, we have affirmed the trial court's conclusion that the doctrine of res judicata bars Boulware's third-party claims against Chrysler. This court has previously deemed a party's conduct in filing a claim clearly barred by res judicata to satisfy the definition of frivolous conduct set forth in R.C. 2323.51(A)(2)(a)(ii). *Dehlendorf v. Ritchey*, 10th Dist. No. 12AP-87, 2012-Ohio-5193, ¶ 27 (affirming the trial court's award of sanctions and noting that "[i]n prior cases of this court, sanctions have been awarded where a party ignores or fails to investigate the doctrine of res judicata"); *Stuller v. Price*, 10th Dist. No. 03AP-30, 2003-Ohio-6826, ¶ 21 (affirming the trial court's finding of frivolous conduct and finding that "had appellant's attorneys undertaken a reasonable inquiry as to the applicable law, they should have determined that appellant's claims were clearly barred by the doctrine of res judicata"); *Sain v. Roo*, 10th Dist. No. 01AP-360 (Oct. 23, 2001) (concluding the "filing of appellants' 1998 action was so clearly barred by *res judicata* that appellants had no objective basis to believe it was not so barred").

{¶ 45} We agree with the trial court's determination that Boulware's third-party complaint was not warranted under existing law. Chrysler correctly asserted the doctrine of res judicata from the earliest opportunity, yet Boulware continued to try to find a way to "subvert" the finality of the decision compelling arbitration in the first lawsuit. (Decision and entry overruling Boulware's objections to magistrate's decision, 2.) Again, as we have noted throughout this decision, Boulware's voluntary dismissal of his remaining claims in the first lawsuit did not dissolve the finality of the order compelling arbitration.

{¶ 46} Boulware further argues the amount of the award was not reasonable, but he does not articulate how the trial court abused its discretion in determining the amount of the award other than repeatedly asserting that the trial court erroneously determined

that res judicata barred his third-party complaint.  Having reviewed the record and finding no abuse of discretion in the amount of the sanctions award, we find Boulware's argument unpersuasive.  We, therefore, overrule Boulware's fourth and final assignment of error.

## VII.  Disposition

{¶ 47} Based on the foregoing reasons, the trial court did not err in granting Chrysler's motion for summary judgment, in implicitly denying Boulware's motion for reconsideration, in excluding references to Ohio's Lemon Law during trial, in refusing to instruct the jury on Ohio's Lemon Law, or in granting Chrysler's motion for sanctions. Having overruled Boulware's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

———————————